**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **NIMBLE CRANE, LLC** | § | |
| | § | |
| **vs.** | § | **Case No. 7:25-cv-194** |
| | § | |
| **CONQUEST COMPLETION SERVICES,** | § | |
| **LLC and EASTERN ENERGY** | § | |
| **SERVICES, INC.** | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW Nimble Crane, LLC ("Nimble") filing its Original Complaint against Defendants, Conquest Completion Services, LLC ("Conquest") and Eastern Energy Services, Inc. ("EES") and for cause will show:

*I.*

*PARTIES*

1.     Plaintiff Nimble is a foreign limited liability company authorized to do business in the State of Texas with its address at 89 Timson Hill Road, Newfane, Vermont 05345.

2.     Defendant Conquest is a foreign limited liability company authorized to do business in the State of Texas whose address with the Secretary of State is 6363 Woodway Drive, Suite 900, Houston, Texas 77057 and may be served by its registered agent, Cogency Global, Inc.at 1601 Elm. St., Suite 4360, Dallas, Texas 75201.

3.     Defendant EES is a foreign for a profit corporation authorized to do business in the State of Texas whose address with the Secretary of State is P.O. Box 292, Laurel, Mississippi 39441 and may be served by its registered agent, National Regional Agents, Inc. at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## II.

## JURISDICTION

4.       This Court has jurisdiction over the lawsuit under *28 U.S.C. § 1332(a)(1)* because Nimble, Conquest and Energy are citizens of different states and the amount in controversy exceeds $75,000 excluding interest and cost.  In particular, each one of the entities in this case are foreign entities from different states authorized to do business in the State of Texas.  Plaintiff's claims arose regarding services provided in Texas and are in excess of $75,000.00.

## III.

## VENUE

5.       Venue is proper in this district under *28 U.S.C. 1391(b)(2)* because all or a substantial part of the events or omissions given rise to action occurred in this district.  In particular, this case involves a debt incurred for work and service performed by Nimble and invoiced to Conquest for the time period between February 2023 through September 2023 regarding oil field services within this district.  On September 28, 2023, Conquest sold one-hundred percent (100%) of its assets to EES who, pursuant to a payment plan with Nimble began reducing the debt but did not complete making payments to Nimble.  EES partially performed under the payment plan but there remains a balance of $341,590.93 for services performed by Nimble in the Texas oilfields in this district. It was only after Nimble had accepted EES payment plan and payments that EES changed its position and ceased payments to Nimble.

## IV.

## CONDITIONS PRECEDENT

6.    All conditions precedent have been performed or have been waived by the actions of the Defendants.  Attached hereto as Exhibit "1" is a true and correct copy of the demand to both Eastern and Conquest.

## V.

## AUTHORITY

7.    A party's conduct includes the conduct of another who acts with the party's authority or apparent authority.

8.    Authority for another to act for a party must arise from the party's agreement that the other act on behalf and for the benefit of the party.  If a party authorizes another party to perform an act, that other party is also authorized to do whatever else is proper, usual, and necessary to perform the act expressly authorized.

9.    Apparent authority exists if a party:

    (1)    knowingly permits another to hold himself as having authority; or

    (2)    through lack of ordinary care, bestowed on another such indication of authority that lead a reasonably prudent person to rely on the apparent existence of authority through its detriment.

10.    Only the acts of the party sought to be charged with responsibility for the conduct of another may be considered in determining whether apparent authority exists.

## VI.

## STATEMENT OF FACTS

11.    Nimble is a leading provider of mobile crane services in West Texas.  It provides the highest level of service with late model well maintained equipment, a highly experienced staff and

attention to every detail.  It is strategically located in Odessa, Texas, in the heart of the Permian Basin making it well positioned to cater to all the lifting requirements with precision and efficiency in the oil field.

12.     Conquest specialized in well completion services, with a strong focus on coiled tubing technology.  Conquest provided its completion, intervention, and productions services in several basins including the Permian Basin.   Conquest sold one hundred percent (100%) of its assets to EES on September 28, 2023 right after it incurred $500,940.93 in debt for service provided by Nimble.   In December 2023 EES extend a repayment plan with Nimble and started making payments to Nimble.

13.     EES is the leading provider of oilfield services in the Gulf Coast area focused on completion, intervention, and production services.  Before September 28, 2023, ESS lacked a presence in the West Texas oilfield and in particularly the Permian Basin.  EES purchased one hundred percent (100%) of the assets of Conquest to obtain a presence in the Permian Basin.

*SERVICES IN WEST TEXAS OILFIELDS*
*PERMIAN BASIN*

14.     Nimble provided $500,940.93 of services in the oilfield to Conquest from February 2023 through September 2023 in Texas.  Nimble invoiced Conquest but was not paid for its work immediately.

15.     Before September 28, 2023, EES knew Conquest owed $500,940.93 debt to Nimble for crane services provided to the oilfields in the Permian Basin in Texas.

16.     On information and belief, EES used Conquest debt to Nimble and the promise to pay the debt to Nimble to purchase one hundred percent (100%) of the assets of Conquest and create a presence in the Permian Basin.

17.     On information and belief, payment of the Nimble debt was part of the purchase price of the assets of Conquest purchased by EES.

18.     EES did not have a presence in the Permian and Eagle Ford in Texas before it acquired one hundred percent (100%) of the assets of Conquest.

*EES ACQUIRES 100% ASSETS OF CONQUEST*
*PRESENCE IN PERMIAN BASIN*

19.     On September 28, 2023, EES acquired one hundred percent (100%) of the assets of Conquest to have a presence in Texas and in particular the Permian and Eagle Ford.

20.     After September 28, 2023, EES offered services across all product lines from districts located in Midland and Pleasanton.  Attached hereto as Exhibit "2" is a true and correct copy of Eastern's Executive Vice President and former CEO of Conquest stating that Nimble could count on being paid.

21.     In Exhibit 2, EES's Executive Vice President expressed to Nimble that EES has been in the oilfield business since 1993 and it is committed to providing the leadership, capital, discipline and strategy to not only grow its existing business but to utilize Conquest's assets and employees to become a market leader in the Permian and Eagle Ford.

*ALEX DEMPSEY*
*EES/CONQUEST*

22.     Alex Dempsey, Executive Vice President of EES (and former owner of Conquest) answered the question of what does the asset purchase between Conquest and EES means to Nimble as follows:

> 1.     "**You can count on getting paid!**  *As you can imagine, this is a huge undertaking, and we will not be able to pay everyone everything they are owed all at once.  However, we are nearing completion on a comprehensive payment plan for every single vendor or supplier on Conquest's aging report.  Our accounting team will be communicating that plan to you when*

*it is available.  This plan will include anticipated payment amounts and estimated payment dates to get your account current."*

2.    *"We want to continue business with you in the future as Eastern.  If Eastern does not currently have an active credit account with you, please send the information required to get Eastern set up as a customer in your system."*

### EES USE OF NIMBLE AFTER ACQUISITION OF CONQUEST ASSETS

23.    After EES purchased a hundred percent (100%) of the assets of Conquest it ordered services from Nimble and paid for services.  Attached hereto as Exhibit "3" is a true and correct copy of the invoice for the service ordered by EES but still under the Conquest account.

24.    EES's invoice was on Conquest's account with Nimble as EES had yet to set up an account with Nimble.

25.    EES paid invoice 10593 billed to Conquest on February 5, 2024 with Check No. 9216 in the payment of $17,725.00.

### EES PAYMENT PLAN FOR PERMIAN BASIS DEBT

26.    EES contacted Nimble about paying the invoices rendered for services provided by Nimble for assets it acquired from Conquest on September 28, 2023.  Attached hereto as Exhibit "4" is a true and correct copy of the email exchange between EES and Nimble.

27.    On November 27, 2023 email exchanges occurred between Nimble and EES regarding the payment plan:

*2:53 P.M. to EES:*

*"I hope you are well and had a wonderful thanksgiving with your family.*

*I wanted to follow up with you and see if you had a date of when the next payment of $88,750.00 would be sent to us?  Also is it possible that it could be sent to us by ACH instead of a check so we can receive it quicker?"*

*3:40 P.M. from EES:*

*"Naria,*

*I should get some more information on timing of the December payments this week. I would anticipate it being about the same time of the month (middle of the month) like were able to send in November.  We will only be making one large check run per month for the historical Conquest invoices.  I will definitely work on getting it done on ACH but I can't get it pushed through, I will make sure it gets overnighted instead!  It really is a decision from Nick (our owner) he likes to have all invoices printed and sign a physical check to make sure what he is paying on behalf of the Conquest AP he assumed has been verified properly since none of his accounting group had access to our ERP system when the invoices were entered."*

*6:45 P.M. Nimble responds to EES:*

*"Okay that works too.  thank you so much!  Id."*

28.    The emails from EES to Nimble were communicated by EES's Executive Vice President.

29.    EES made a plan for repayment of the $500,940.93 debt to Nimble and Nimble accepted the plan.  Attached hereto as Exhibit "5" is a true and correct copy of the "payment plan" that EES made to Nimble and Nimble accepted.

## ACTUAL PAYMENT OF PERMIAN BASIN DEBT BY EES

30.    Pursuant to the "payment plan" EES made partial payment to Nimble regarding the debt mentioned above.  In particular, EES paid Nimble three checks covering nine (9) invoices, Invoices 8695, 8696, 8926, 8927, 8930, 8947, 9015, 9016, and 9029.

31.    The total amount of the invoices paid by EES totaled $158,850.00.  Attached hereto as Exhibit "6" is a true and correct copy of EES's payments to Nimble.

32.    EES made the following payments to Nimble pursuant to the payment plan:

(a)    November 10, 2023 Check No. 6640 $27,100.00;
(b)    December 1, 2023 Check No. 6638 $88,750.00; and
(c)    January 5, 2025 Check No. 9100 $43,500.00.

*NICK WELCH*
*PRESIDENT EES*

33.    The signature on behalf of payor on the check EES made to Nimble was by its president Nick Welch.

34.    Of the twenty-nine (29) invoices owed to Nimble from February 2023 through September 2023, only nine (9) invoices have been paid. There remain twenty (20) invoices unpaid in the amount of $341,590.93.

*EES REFUSAL TO PAY NIMBLE*
*AFTER ESTABLISHMENT IN PERMIAN BASIN*
*NIMBLE CHANGES POSITION*

35.    On information and belief, in November of 2024, EES and Conquest entered into a settlement that included a mutual release of any obligation EES has or might have to Nimble. Nimble was not a party to this mutual release and/or settlement.  Nimble still demands payment from EES.

36.    EES has refused to continue to pay Nimble arguing that pursuant to *Tex. Bus. & Com. § 26.01(b)(2)* the Statute of Frauds, that any obligation to repay Nimble is not enforceable against EES.  Nimble disagrees with ESS position.

37.    EES further asserts that there is no written/signed agreement between EES and Nimble in which EES agreed to any debts that Conquest obtained.  EES asserts that the payment does not create an enforceable contract between EES and Nimble.  EES asserts among other things that it was not reduced to writing and a signed agreement.

38.    Nimble asserts that in an email on December 7, 2023, the Executive Vice President of EEC stated to Nimble:

> *"We will be sticking to this payment plan. Everything highlighted in orange was just paid.  Everything highlighted in yellow will be paid on the January check, and so on!"*

39.    Thus, Nimble disputes EES's assertion there is not an enforceable agreement for repayment of the debt in this case.

## PRIMARY V. SECONDARY LIABILITY
### TEX. BUS. & COM. CODE 26.01(b)(2)

40.    The suretyship provision of the Statute of Frauds applies only to a contract in which the defendant assumed secondary liability for another's debt. *Gulf Liquid Fertilizer v. Titus*, 354 S.W.2d 378 (Tex. 1962). It does not apply to a contract in which a defendant assumes primary liability for a debt. *Haas v. First National Bank*, 456 S.W.2d 886 (Tex. 1970). Primary liability is liability a person is directly responsible for, while secondary liability is liability that does not arise unless the primary liable party defaults on its obligations. *Gulf Liquid Fertilizer v. Titus*, 354 S.W.2d 378 (Tex. 1962). When a defendant assumes primary liability for a debt, its promise to pay the debt is not subject of the Statute of Frauds because the debt is the defendant's own. *Gulf*, 354 S.W.2d at 382.

41.    In this case, the debt was originally invoiced for services Nimble performed in oil fields in Texas on behalf of Conquest between the period of February 2023 through September 2023.

42.    On September 28, 2023, EES acquired Conquest and started a payment plan with Nimble for the work it performed in the Texas oil fields.

43.    Pursuant to the payment plan, EES assumed primary liability of the debt of services provided by Nimble. Thus, the statute of frauds does not apply to the facts of this case.

44.    EES actually paid nine (9) invoices via three (3) checks totaling $159,350.00.

45.    Twenty (20) invoices remain unpaid for services performed by Nimble in the Permian Basin.

*PARTIAL PERFORMANCE*
*EXCEPTION TO STATUES OF FRAUDS*

46.     An oral agreement may be enforceable despite the Statue of Frauds if the agreement has been partially performed.  *Thomas v. Miller*, 500 S.W.3d 601 (Tex. App.-Texarkana 2016).  To enforce the agreement, Plaintiff must show that the performance unequivocally references first to the agreement and corroborates its existence, in that performance would have no other purpose other to fulfill the agreement.  *Thomas*, 500 S.W.3d at 610.  The Plaintiff does not have to show that performance was complete or substantial for partial performance exception to apply. *Duradril, L.L.C. v. Dynomax Drilling Tools, Inc.*, 516 S.W.3d 147 (Tex. App.-Houston [14th Dist.] 2017).

47.     In this case, EES partially fulfilled the payment obligation to Nimble which unequivocally is with regard to the payment plan for the debt incurred with respect to Nimble's services performed in the Permian Basin and assets acquired by EES.

*VII.*

***BREACH OF CONTRACT***

48.     Reincorporating the facts as alleged in this Complaint, Nimble asserts a cause of action against Conquest and EES for breach of contract.

49.     The elements of an action for breach of contract are the following:

   (a)     there is a valid, enforceable contract;
   (b)     the Plaintiff is a proper party to bring suit for breach of contract;
   (c)     the Plaintiff performed, tendered performance or was excused performing its contractual obligations;
   (d)     the Defendants breached the contract; and
   (e)     the Defendants breach caused Plaintiff injury.

50.     In this case, Conquest is in breach of contract to Nimble for what now is the total sum of $341,590.93 regarding the value of services rendered by Nimble.

51.     EES is in breach of their contract with Nimble to pay the debt to Nimble incurred for the assets acquired by EES and is liable for the remaining balance of $341,590.93.  Nimble asserts that the Statute of Frauds does not apply to this repayment agreement or alternatively that partial performance of repayment makes the repayment enforceable despite the Statute of Frauds.

*THIRD PARTY BENEFICIARY*

52.     Generally, the benefits and burden of a contract belong solely to the contracting party and no person can sue upon a contract except he be a party to or in privity with it.  An exception to this general rule permits a person who is not a party to a contract to sue for damages caused by its breach if the person qualifies as a third party beneficiary.   This is the present case.

53.     A person seeking to establish third party beneficiary status must demonstrate the contracting parties intended to secure a benefit to that third party and enter into the contract directly for the third party's benefit.  The contracting party must have intended to grant the third party the right to be a claimant in the event of breach.  That is what happened in the present case.

54.     To determine whether the contracting parties intend to directly benefit a third party and enter into the contract for that purpose, Courts must look solely to the contract's language, construed as a whole.  The contract must be clear and unequivocal expression of the contracting party's intent to directly benefit a third party and any implied intent to create a third party beneficiary is insufficient.

55.     On information and belief, the Asset Purchase Agreement in this case is a clear and unequivocal expression of EES and Conquest intent to directly benefit Nimble.

56.     A third party beneficiary does not have to show the signatories executed the contract solely for the benefit of the non-contracting party, but rather focuses on whether the contracting party's intended, at least in part, to discharge the obligation owed to a third party.  An unambiguous

contract, the parties intend to create third party beneficiary is simply a contract like any other contract, any of the contract terms for the court's interpretation.

57.     On information and belief, the Asset Purchase Agreement between Conquest and EES contains clear and unequivocal language of intent to directly benefit Nimble by providing for specific payment to them. Thus, EES was a third party beneficiary to the Asset Purchase Agreement.

*TERMINATION OF MODIFICATION RIGHT*
*BY EES AND CONQUEST*
*INEFFECTIVE EFFORT AGAINST NIMBLE*

58.     The power to modify terminates the moment the beneficiary:

(a)     materially changes position in justifiable reliance on the agreement;
(b)     brings suit pursuant to the agreement; or
(c)     otherwise manifestly assent to the agreement.

59.     In this case, Nimble both materially changed position in justifiable reliance on the agreement and otherwise manifested in the agreement.  In particular, Nimble refrained from suing Conquest based on EES promise to pay the debt.  The actions of EES in agreeing to pay the Conquest bill allowed its entry into the Permian Basin.  Namely, the acts of EES in paying the Nimble invoices opened the door to purchasing the improved account of Conquest.

60.     Therefore, EES has the power to terminate the agreement to repay Nimble interest with the plan for repayment.

## VIII.

### *TEXAS UNIFORM FRAUDULENT TRANSFER ACT*
### *(TUFTA)*

61.     TUFTA aims to prevent debtors from fraudulently placing assets beyond the reach of creditors.  TUFTA provides that transfers made or obligations incurred by a debtor is fraudulent as to a creditor, . . . if the debtor made the transfer or incurred the obligation . . . with actual intent

to hinder, delay, or defraud any creditor of the debtor. *Tex. Bus. Com. Code § 25.005(a)(1)*. The elements of a fraudulent transfer under TUFTA are:

(a)     a creditor;
(b)     a debtor;
(c)     a debtor transfers assets shortly before or after the creditor's claim arose; and,
(d)     an actual intent to hinder, delay, or defraud any of the creditors.

62.     In this case, the following elements are met:

(a)     Nimble is a creditor and Conquest is a debtor;
(b)     Conquest engaged in a fraudulent transfer of assets by transferring its assets to EES with the intent that the transfer would hinder, delay or defraud Nimble from collecting its claims against Conquest and Nimble did not receive reasonably equivalent value of consideration; and,
(c)     at the time that Conquest made the transfer to EES, Conquest and EES knew of the existence of the debt to Nimble and EES's payment was insufficient consideration for the value of the assets transferred.

63.     On information and belief, the acts of EES were made with the intent to hinder, delay and defraud Nimble in collecting its debt. In particular, the acts of EES left Conquest without any assets to pay Nimble and gave EES a foothold into the Permian Basin it did not previously possess. To effectuate this scheme, EES paid Nimble $158,850.00 of the debt Conquest incurred before acquisition of one hundred percent (100%) of the assets.

## IX.

## *DECLARATORY JUDGMENT ACT*

64.     The Declaratory Judgment Act provides "in a case of actual controversy within its jurisdiction . . . any Court of the United States upon, upon the application of an appropriate pleading, may declare the rights and legal relation of any interest party seeking such declaration, whether or not further relief is or could be sought." *28.U.S.C. § 2201(a)*. A declaration may issue only to resolve an actual controversy between the parties. Further an actual controversy is a dispute that is definite and concrete touching the legal relations of the parties having adverse legal interest.

65.     Plaintiff requests that this Court enter a Declaratory Judgment stating the following:

(a)     the Plaintiff has a valid, binding and enforceable claim against EES and Conquest for the debt on services it performed from February 2023 through September 2023;

(b)     the emails and writings between EES and Nimble satisfy the Statute of Frauds to make EES liable for the debt to Nimble; and

(c)     even the Statute of Frauds is not satisfied, EES is liable to Nimble for the debt based on doctrine of partial performance.

## X.

### *DAMAGES*

66.     The universal role for measuring damages for contractual injury is just compensation the loss or damage it sustained.  Damages for contractual injuries are designed to protect three interests:

(a)     expectation interest;

(b)     reliance interest; and

(c)     restitution interest.

67.     In this case, Nimble is entitled to damages in the principal amount of $341,590.93 from both Conquest and EES, jointly and severally.

68.     The reasonable value of the work and materials performed by Nimble that remains unpaid is $341,590.93.

## XI.

### *ATTORNEY FEES*

69.     Although payment has been demanded, the Defendants have failed and/or refused to pay Nimble.  The failure of the Defendants made it necessary for Plaintiff to employ the undersigned attorneys to sue on this debt.  Plaintiff is therefore entitled to reasonable and necessary attorney fees throughout the trial of this matter which is anticipated to be $100,000.00.  In the event of a Motion for New Trial, Plaintiff would be entitled to reasonable and necessary attorney fees of an additional $15,000.00.  In the event of an appeal to the Fifth Circuit, Plaintiff would be entitled to

additional attorney fees in the amount of $25,000.00.  See *Tex. Civ. Prac. & Rem. Code § 38.001* et al.

## XII.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays the Defendants be cited to appear and answer, after notice and a hearing recover a judgment against the Defendants, jointly and severally, for the following:

1. Principal amount of damages owed to Nimble for its work invoiced to Conquest, then agreed to pay by EES;
2. A declaration as follows:
   (a) Nimble has a valid, binding and enforceable claim against EES and Conquest for debt on services it performed from February 2023 through September 2023;
   (b) Emails and writings between EES and Nimble satisfied the Statute of Frauds to EES liable for the debt to Nimble;
   (c) Even if the Statute of Frauds does not satisfy, EES is liable to Nimble for the debt based on the doctrine of partial performance; and,
   (d) That Nimble is a third party beneficiary entitled to payment from EES for its debt and EES/Conquest right to modify payment to EES had terminated;
3. Reasonable and necessary attorney's fees for having to file this suit as well as appellate fees (*Tex. Civ. Prac. & Rem. Code 38.001(b)(8)*;
4. Prejudgment and post-judgment interest at the maximum rate allowed by law filed by Texas law *(28 U.S.C. 1961(a)*);
5. Costs of court *(Fed. R. Civ. P. 54(d)*; and
6. such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HAYDEN & CUNNINGHAM, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone
(210) 822-0916 Facsimile

BY:   */s/ David L. Cunningham*
DAVID L. CUNNINGHAM
State Bar No. 00787314
dcunningham@7750law.com
Attorney for Plaintiff

*EXHIBIT "1"*

# HAYDEN & CUNNINGHAM, PLLC

FILE COPY

### Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

D. Wade Hayden                                                    whayden@7750law.com

March 17, 2025

Eastern Energy Services, Inc.          Sent by CMRRR #7021 1970 0000 4586 3003
Alex Dempsey                                  and by Regular, First-Class Mail
Nick Welch
1034 County Road 429
Pleasonton, Texas 78064

Conquest Completion Services, LLC      Sent by CMRRR #7021 1970 0000 4586 2983
Alex Dempsey                                  and by Regular, First-Class Mail
4741 County Road 430
Pleasonton, Texas 78064

### NOTICE OF DEFAULT

RE:    Your outstanding balance to Nimble Crane, LLC in the amount of $341,590.93.
       Our File No. 9681-001

Greetings:

I represent Nimble Crane, LLC concerning your long outstanding past due indebtedness to it.

Each of you have pointed the finger at the other claiming that the other party is liable. This is
contrary to the evidence.

The 2023 letter of Alex Dempsey, as Executive Vice President of Eastern Energy Services, Inc.
and formerly the CEO of Conquest Completion Services, LLC represented that Eastern Energy
Services, Inc. is responsible for the outstanding indebtedness of Conquest Completion Services,
LLC. Of course, Conquest Completion Services, LLC remains liable for the debt as well.

Eastern Energy Services, Inc. has made partial payments to my client for this indebtedness.

My client has also provided services to Eastern Energy Services, Inc. under the same account and
at the request of Eastern Energy Services, Inc.

Clearly, both of you are liable for the indebtedness to my client.

Formal demand is hereby made upon you to pay to my office, by wire transfer or cashier's check,
the sum of Three Hundred Thousand Forty-One, Five Hundred Ninety Dollars and Ninety-Three
cents ($341,590.93). This must be received in my office no later than March 27, 2025.

Conquest Completion Services, LLC
Eastern Energy Services, Inc.
Alex Demspey
Nick Welch
March 17, 2025
Page 2

Please contact me should you require our firm's wiring instructions.

Failure to honor this demand will result in litigation asserted against both of your companies.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE
ARMED FORCES OF THE UNITED STATES.**

**If you are or your spouse is serving on active military duty, including active military duty as
a member of the Texas National Guard or the National Guard of another state or as a
member of a reserve component of the armed forces of the United States, please send written
notice of the active duty military service to the sender of this notice immediately.**

I trust that you understand the potential severity of this matter and that you will grant it your utmost
attention by honoring the demands made herein. This will save considerable sums that you will
have to pay in attorney's fees and court costs.

Sincerely,

D. WADE HAYDEN

DWH/ds

cc:    Nimble Crane, LLC

Conquest Completion Services, LLC          Sent by CMRRR #7021 1970 0000 4586 2976
Alex Dempsey                                        and by Regular, First-Class Mail
6363 Woodway Drive, Suite 900
Houston, Texas 77057

Eastern Energy Services, Inc.               Sent by CMRRR #7021 1970 0000 4586 2990
Alex Dempsey                                        and by Regular, First-Class Mail
Nick Welch
4 Waterway Square Place, Suite 200
Woodlands, Texas 77380





7021 1970 0000 4586 2983



CERTIFIED MAIL

7021 1970 0000 4586 2983

Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, TX 78209

Conquest Completion Se...
Alex Dempse...
4741 County Road
Pleasonton, Texas 7...





U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees
$

Sent To    Alex Dempsey

Street and Apt. No., or PO Box No.   6363 Woodway Dr

City, State, ZIP+4®   Houston   77057

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7021 1970 0000 4586 2976



CERTIFIED MAIL

7021 1970 0000 4586 2976

Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, TX 78209

Conquest Completic   ervices LLC
Alex Der
6363 Woodway D
Houston, Tc›



*EXHIBIT "2"*



Dear Valued Supplier:

Your company has been a valued supplier for Conquest Completion Services, LLC (Conquest) for the past several years. We appreciate all that you have done to meet the demands of our business and partner with us in the ups and downs this industry presents us.

We have had our challenges in keeping our account with you current in the past and we recognized the need to partner with someone that could provide Conquest's business with the financial support needed to service the needs of our customers. As such, Conquest agreed to sell its assets and business to Eastern Energy Services, Inc. (Eastern). The sale closed September 28, 2023.

Eastern has been in the oil field service business since 1993. Since its formation in 1993, Eastern has become a diversified oil field service company operating primarily in the area from the Florida panhandle extending into East Texas. Eastern's balance sheet is strong, its management is streamlined, and it is committed to providing the leadership, capital, discipline, and strategy needed to not only grow its existing business but to utilize Conquest's assets and employees to become a market leader in the Permian and Eagleford.

To that end, Eastern is in the process of consolidating all of Conquest's existing account payable into their systems and will begin making payments to bring all accounts current as quickly as possible. What does that mean for you as a valued vendor?

1. You can count on getting paid! As you can imagine, this is a huge undertaking, and we will not be able to pay everyone everything they are owed all at once. However, we are nearing completion on a comprehensive payment plan for every single vendor or supplier on Conquest's aging report. Our accounting team will be communicating that plan to you when it is available. This plan will include anticipated payment amounts and estimated payment dates to get your account current.
2. We want to continue doing business with you in the future as Eastern. If Eastern does not currently have an active credit account with you, please send us the information required to get Eastern set up as a customer in your system.

It takes a village to make things work in this industry and we sincerely appreciate the patience you have exhibited so far and appreciate you working with us in the future. If you have any questions or need clarity on anything, please feel free to reach out to AP@conquestllc.com or myself.

Sincerely,

Alex Dempsey
EVP, Eastern Energy Services, Inc.
(Formerly CEO, Conquest Completion Services, LLC)

EXHIBIT "3"

**Nimble Crane LLC**
89 Timson Hill Road
Newfane, VT  05345
accounting@nimblecrane.com



# INVOICE

**BILL TO**
Conquest Completion Services

**INVOICE #** 10593
**DATE** 11/06/2023
**DUE DATE** 12/06/2023
**TERMS** Net 30

**JOB NUMBER**
23-8181

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| Service - Other:Subcontractor (Crane Service)<br>10.11.23 Move In | 1 | 2,500.00 | 2,500.00 |
| Service - Other:Subcontractor (Crane Service)<br>Crane Service-Bearing Swap (0030-0030) | 1 | 7,550.00 | 7,550.00 |
| Service - Other:Haul Truck<br>Haul Truck for Counterweight | 3 | 925.00 | 2,775.00 |
| Service - Other:Rigging Services<br>Rigging Services (2230-1430) | 1 | 1,400.00 | 1,400.00 |
| Service - Other:Spreader Bar<br>Spreader Bar | 1 | 500.00 | 500.00 |
| Service - Other:Fuel Surcharge<br>Fuel Surcharge | 4 | 125.00 | 500.00 |
| Service - Other:Subcontractor (Crane Service)<br>Move Out | 1 | 2,500.00 | 2,500.00 |

Payment Types: Check or ACH

Mail Checks to:
Nimble Crane LLC
89 Timson Hill Rd.
Newfane, VT 05345
Stagecoach #4/5/6/7/8H
Kermit, Texas

| | |
|---|---|
| SUBTOTAL | 17,725.00 |
| TOTAL | 17,725.00 |
| PAYMENT | 17,725.00 |
| BALANCE DUE | **$0.00** |

*EXHIBIT "4"*

 Gmail

Ben Ellis <bellis@nimblecrane.com>

## Fwd: Payment Please

**Naria Lopez** <naria@nimblecrane.com>                                                    Thu, Dec 7, 2023 at 1:20 PM
To: Ben Ellis <bellis@nimblecrane.com>, Todd Swim <tswim@nimblecrane.com>, Tom Gagliardi <tom@nimblecrane.com>, Jennifer Salinas <jennifer@nimblecrane.com>

Ben,
Please see the email below from Alex for our payment schedule from Conquest. He stated for January everything in yellow will be paid out and so on and so fourth for each month.

I did tell Alex I saw one invoice for $17,725.00 not included in the payment schedule so I sent him the invoice and job ticket so they can get that on their schedule as well.

Thank you,

Naria Lopez

 NIMBLE CRANE

O:432-250-5861
CL 361-806-8308
naria@nimblecrane.com


---------- Forwarded message ----------
From: **Naria Lopez** <naria@nimblecrane.com>
Date: Thu, Dec 7, 2023 at 1:17 PM
Subject: Fwd: Payment Please
To: Alex Dempsey <alex@conquestllc.com>


Thank you Alex,
I noticed one invoice not on your list. I have added the ticket and invoice for your review.

Thank you,

Naria Lopez

 NIMBLE CRANE

O:432-250-5861
CL 361-806-8308
naria@nimblecrane.com


---------- Forwarded message ----------
From: **Alex Dempsey** <alex.dempsey@easternenergyservices.com>
Date: Thu, Dec 7, 2023 at 12:49 PM
Subject: Re: Payment Please
To: Naria Lopez <naria@nimblecrane.com>


We will still be sticking to this payment plan. Everything highlighted in orange was just paid. Everything highlighted in yellow will be paid on the January check, and so on!

| Invoice | Name | Document date | Amount not settled | |
|---------|------|---------------|-------------------|---|
| 8695 | Nimble Crane | Feb-23 | $ (10,375.00) | Novembe |
| 8696 | Nimble Crane | Feb-23 | $ (16,725.00) | |
| 8926 | Nimble Crane | Mar-23 | $ (22,000.00) | Decembe |
| 8927 | Nimble Crane | Mar-23 | $ (16,500.00) | |
| 8930 | Nimble Crane | Mar-23 | $ (14,250.00) | |
| 8947 | Nimble Crane | Mar-23 | $ (36,000.00) | |
| 9015 | Nimble Crane | Apr-23 | $ (19,250.00) | January |
| 9016 | Nimble Crane | Apr-23 | $ (8,250.00) | |
| 9029 | Nimble Crane | Apr-23 | $ (16,000.00) | |
| 9210 | Nimble Crane | May-23 | $ (11,315.93) | February |
| 9206 | Nimble Crane | May-23 | $ (21,750.00) | |
| 9250 | Nimble Crane | May-23 | $ (49,500.00) | |
| 9366 | Nimble Crane | May-23 | $ (11,000.00) | |
| 9367 | Nimble Crane | May-23 | $ (19,250.00) | March |
| 9308 | Nimble Crane | May-23 | $ (18,750.00) | |
| 9307 | Nimble Crane | May-23 | $ (22,000.00) | |
| 9392 | Nimble Crane | May-23 | $ (22,000.00) | |
| 9383 | Nimble Crane | May-23 | $ (15,650.00) | |
| 9437 | Nimble Crane | Jun-23 | $ (19,000.00) | April |
| 9439 | Nimble Crane | Jun-23 | $ (16,250.00) | |
| 9438 | Nimble Crane | Jun-23 | $ (11,000.00) | |
| 9442 | Nimble Crane | Jun-23 | $ (17,625.00) | |
| 9840 | Nimble Crane | Jul-23 | $ (8,250.00) | May |
| 9839 | Nimble Crane | Jul-23 | $ (11,000.00) | |
| 9841 | Nimble Crane | Jul-23 | $ (18,500.00) | |
| 9838 | Nimble Crane | Jul-23 | $ (15,750.00) | |
| 9831 | Nimble Crane | Aug-23 | $ (14,000.00) | June |
| 9997 | Nimble Crane | Aug-23 | $ (9,000.00) | |
| 10163 | Nimble Crane | Sep-23 | $ (10,000.00) | July |
| | | | $ (500,940.93) | |

*(handwritten notes: 27,100 # 6440, 1-15-23, 88,750 # 6318, 43,500 # 9100)*

On Dec 7, 2023, at 12:46 PM, Naria Lopez <naria@nimblecrane.com> wrote:


oh AWESOME!!! Thank you so much :) the next one will be in Jan 2024 for how much?
Thank you,
Naria Lopez

NIMBLE CRANE
O:432-250-5861
CL 361-806-8308
naria@nimblecrane.com


On Thu, Dec 7, 2023 at 12:43 PM Alex Dempsey <alex.dempsey@easternenergyservices.com> wrote:
Yes mam actually sent a check out for $88k + earlier this week. We were not able to ACH though still having to cut
physical checks for now. But there is one on the way!


On Dec 7, 2023, at 12:19 PM, Naria Lopez <naria@nimblecrane.com> wrote:


HI Alex,

I wanted to follow up with you and see if Nick was able to give you that date of when we could expect that next payment?

Thank you,

Naria Lopez



O:432-250-5861
CL 361-806-8308
naria@nimblecrane.com


On Mon, Nov 27, 2023 at 6:45 PM Naria Lopez <naria@nimblecrane.com> wrote:
okay that works too, thank you so much!

Thank you,

Naria Lopez



O:432-250-5861
CL 361-806-8308
naria@nimblecrane.com


On Mon, Nov 27, 2023 at 3:40 PM Alex Dempsey <alex.dempsey@easternenergyservices.com> wrote:

Naria,


I should get some more information on timing of the December payments this week. I would anticipate it being about the same time of the month (middle of the month) like we were able to send in November. We will only be making one large check run per month for the historical Conquest invoices. I will definitely work on getting it done on ACH but if I can't get it pushed through, I will make sure it gets overnighted instead! It really is a decision from Nick (our owner) he likes to have all invoices printed and sign a physical check to make sure what he is paying on behalf of the Conquest AP he assumed has been verified properly since none of his accounting group had access to our ERP system when the invoices were entered.


Alex Dempsey


**From:** Naria Lopez <naria@nimblecrane.com>
**Sent:** Monday, November 27, 2023 2:53 PM
**To:** Alex Dempsey <alex.dempsey@easternenergyservices.com>
**Subject:** Re: Payment Please


Hi Alex,

I hope you are well and had a wonderful thanksgiving with your family.


I wanted to follow up with you and see if you had a date of when the next payment of $88,750.00 would be sent to us? Also is it possible that it could be sent to us by ACH instead of a check so we can receive it quicker?

Thank you,
Naria Lopez



O:432-250-5861

CL 361-806-8308

naria@nimblecrane.com

On Mon, Nov 13, 2023 at 10:58 AM Alex Dempsey <alex.dempsey@easternenergyservices.com> wrote:

Nick confirmed signing a check this morning and it is going to be on its way today for $27,100 as out lined in the payment plan. i will let you know as soon as we prepare the next check run which should be the first week of December or so and the amount you will get on that check will still be the $88,750.00 as outlined in the payment schedule. Thanks for working with us Ben!

<image001.jpg>    **Alex Dempsey**

*EVP – Executive Vice President*

**C:** 318.426.6860

alex.dempsey@
easternenergyservices.com

3000 HWY 80

Haughton, LA 71037

**From:** Ben Ellis <bellis@nimblecrane.com>
**Sent:** Monday, November 13, 2023 10:38 AM
**To:** Alex Dempsey <alex.dempsey@easternenergyservices.com>
**Cc:** Alex Dempsey <alex@conquestllc.com>; Naria Lopez <naria@nimblecrane.com>; Tom Gagliardi <tom@nimblecrane.com>; Todd Swim <tswim@nimblecrane.com>; Blake Herell <blake.herell@conquestllc.com>
**Subject:** Re: Payment Please

Thanks Alex, please send it to 89 Timson Hill Rd, Newfane Vt 05345. Also if you could let me know the amount that would be great.

Ben Ellis - President

802-681-5878 cell

432-250-5861 office

bellis@nimblecrane.com



On Mon, Nov 13, 2023 at 9:29 AM Alex Dempsey <alex.dempsey@
easternenergyservices.com> wrote:

Ben,

Thank you for reaching out. I am pretty certain the first check has already been cut and Nick
(CEO) has the check on his desk to sign. As soon as he gets it signed, I can request that his
secretary overnight it to you today? What address should I have them send it to?


Alex Dempsey


**From:** Ben Ellis <bellis@nimblecrane.com>
**Sent:** Monday, November 13, 2023 10:14 AM
**To:** Alex Dempsey <alex@conquestllc.com>
**Cc:** Naria Lopez <naria@nimblecrane.com>; Tom Gagliardi <tom@nimblecrane.com>; Todd
Swim <tswim@nimblecrane.com>; Blake Herell <blake.herell@conquestllc.com>
**Subject:** Payment Please


Good morning Alex,


I'm pleading with you for some help with this.  We received your payment schedule but no
confirmation yet on the first payment.  We're a small company and this really hurt our cash
flow position.  We are now in desperate need of money. The 61-91 and over in our a/r report
shows $350,565.93 owed to us from you folks.  Is there any chance that you could get us a
large payment via ACH out today so we don't have some major problems?  I know that
things have been very tight for you also but im pleading with you for some help on this one.
We have always done our very best to accommodate Conquest and all of Blake's needs.
Please try to help us here.  Thank you for your consideration.


Ben Ellis - President

802-681-5878 cell

432-250-5861 office

bellis@nimblecrane.com




---

**2 attachments**


**Invoice 10593.pdf**
44K

**23-8181.pdf**
1261K

*EXHIBIT "5"*

Payment plan proposed by Eastern Energy Services and accepted by Nimble Crane.



| Invoice | Name | Document date | Amount not settled | |
|---|---|---|---|---|
| 8695 | Nimble Crane | Feb-23 | $ (10,375.00) | Novembe |
| 8696 | Nimble Crane | Feb-23 | $ (16,725.00) | |
| 8926 | Nimble Crane | Mar-23 | $ (22,000.00) | Decemeber |
| 8927 | Nimble Crane | Mar-23 | $ (16,500.00) | |
| 8930 | Nimble Crane | Mar-23 | $ (14,250.00) | |
| 8947 | Nimble Crane | Mar-23 | $ (36,000.00) | |
| 9015 | Nimble Crane | Apr-23 | $ (19,250.00) | January |
| 9016 | Nimble Crane | Apr-23 | $ (8,250.00) | |
| 9029 | Nimble Crane | Apr-23 | $ (16,000.00) | |
| 9210 | Nimble Crane | May-23 | $ (11,315.93) | February |
| 9206 | Nimble Crane | May-23 | $ (21,750.00) | |
| 9250 | Nimble Crane | May-23 | $ (49,500.00) | |
| 9366 | Nimble Crane | May-23 | $ (11,000.00) | |
| 9367 | Nimble Crane | May-23 | $ (19,250.00) | March |
| 9308 | Nimble Crane | May-23 | $ (18,750.00) | |
| 9307 | Nimble Crane | May-23 | $ (22,000.00) | |
| 9392 | Nimble Crane | May-23 | $ (22,000.00) | |
| 9383 | Nimble Crane | May-23 | $ (15,650.00) | |
| 9437 | Nimble Crane | Jun-23 | $ (19,000.00) | April |
| 9439 | Nimble Crane | Jun-23 | $ (16,250.00) | |
| 9438 | Nimble Crane | Jun-23 | $ (11,000.00) | |
| 9442 | Nimble Crane | Jun-23 | $ (17,625.00) | |
| 9840 | Nimble Crane | Jul-23 | $ (8,250.00) | May |
| 9839 | Nimble Crane | Jul-23 | $ (11,000.00) | |
| 9841 | Nimble Crane | Jul-23 | $ (18,500.00) | |
| 9838 | Nimble Crane | Jul-23 | $ (15,750.00) | |
| 9831 | Nimble Crane | Aug-23 | $ (14,000.00) | June |
| 9997 | Nimble Crane | Aug-23 | $ (9,000.00) | |
| 10163 | Nimble Crane | Sep-23 | $ (10,000.00) | July |
| | | | $ (500,940.93) | |

RED

Paid per agreement with payment applied on 11/15/23 to Conquest invoices 8695 & 8696 paid by check #6440 for $27,100.00 from Eastern Energy Services, Inc dated 11/10/23.

ORANGE

Paid per agreement with payment applied on 12/12/23 to Conquest invoices 8926, 8927, 8930 & 8947 paid by check # 6318 for $88,750 from Eastern Energy Services, Inc dated 12/1/23.

YELLOW

Paid per agreement with payment applied on 3/21/24 to Conquest invoices 9015, 9016, & 9029 paid by check #9100  for $43,500 from Eastern Energy Services Inc dated 1/5/24.


INVOICE 10593 Inadvertently left out of payment plan.

Paid per agreement with payment applied on 4/19/24 to Conquest invoice 10593 paid by check #9216 for $17,725.00 from Eastern Energy Services, Inc 2/5/24.    This was for work performed beginning 10-11-23

*EXHIBIT "6"*

Eastern Energy Services, Inc. checks evidencing payment per agreed repayment plan.





Eastern Energy Services, Inc. checks evidencing payment per agreed repayment plan.



